1  **David R. Flyer, Bar #100697**  *NOTE CHANGES MADE*
   **A Professional Law Corporation**  *BY COURT*
2  **4120 Birch St., Ste. 101**
   **Newport Beach, CA 92660**
3  **(949) 622-8444**
   **(949) 622-8448 (fax)**
4  DavidFlyerPLC@aol.com

5  Attorneys for Plaintiff and
   Counter-Defendant
6  MING LIN

7

8             UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 MING LIN,                              ) Case No. CV09-3904 JHN (MANx)
                                          )
12         Plaintiff,                     )
                                          ) **STIPULATED PROTECTIVE**
13     vs.                                ) **ORDER REGARDING**
                                          ) **CONFIDENTIALITY OF**
14 SING TAO NEWSPAPERS LOS                ) **MATERIALS EXCHANGED**
   ANGELES LTD, a California Corporation; ) **DURING CIVIL DISCOVERY**
15 NEW BRIDGE MEDIA, INC., a California   )
   Corporation; JIN XIU HE; and DOES 1-   )
16 20, inclusive,                         )
                                          )
17         Defendants.                    )
                                          )
18 ─────────────────────────              )
   NEW BRIDGE MEDIA, INC., a California   )
19 corporation; JIN XIU HE, an individual,)
                                          )
20         Counter-Claimants,             )
                                          )
21     vs.                                )
                                          )
22 MING LIN, an individual,               )
                                          )
23         Counter-Defendant.             )
   ─────────────────────────              )
24                                        )
   AND RELATED CROSS AND THIRD-           )
25 PARTY ACTIONS.                         )
   ─────────────────────────              )
26                                        )

27 ///

28 ///

-1-
STIPULATED PROTECTIVE ORDER
CV09-3904 JHN (MANx)

1  Based upon the parties' Stipulation And [Proposed] Protective Order Regarding The Confidentiality of Materials Exchanged During Civil Discovery ("Stipulated Protective Order"), filed on February 19, 2010, the terms of the parties' Stipulated Protective Order are adopted as this Court's Order.

The parties are expressly cautioned, however, that this Stipulated Protective Order, in and of itself, creates no entitlement to file under seal information, documents, or things designated as Confidential by the parties. If a Party wishes to file documents with the Court which have been designated Confidential pursuant to this Stipulated Protective Order, such documents shall be filed in accordance with the provisions of L.R. 79-5 of the Local Civil Rules of this Court. In making an application for filing under seal pursuant to L.R. 79-5, the parties should seek to file **only** the confidential portions of such documents under seal, and they must make the appropriate showing to justify filing under seal. *See*, Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006). Reference to this Stipulated Protective Order or to the parties' designation of any information, document, or thing as Confidential is wholly insufficient to warrant filing under seal. Good cause must be shown to support a filing under seal, and the parties' mere designation of any information, document, or thing as Confidential does not – without the submission of **competent evidence** establishing that the material sought to be filed under seal qualifies as confidential, proprietary, trade secret, or private information – establish good cause.

Further, once a case proceeds to trial, all information that was designated as Confidential and/or kept and maintained pursuant to the terms of a protective order generally becomes public and will be presumptively available to all members of the public, including the press, unless an appropriate showing is made to the District Judge in advance of the trial.

///

///

## TERMS AND CONDITIONS OF THE STIPULATED PROTECTIVE ORDER

Pursuant to the stipulation of the parties, the Court hereby orders that:

1. Confidential information, as used herein, means any information of any type, kind or character whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise (i) that has not been disclosed to the public, and (ii) where public disclosure of such information is restricted by law, or contains trade secrets, proprietary information, or other commercially-sensitive, confidential information of the Party producing such information (the "producing Party"), including but not limited to information protected by the right of privacy, or information that is protected under California Civil Code Section 3426 *et seq.* The burden to justify Confidential treatment of information is on the producing Party. However, material designated as "Confidential," the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part therefrom ("Confidential Materials") shall be treated as such (unless and until the Court orders otherwise.)

2. Confidential Materials shall be used only for the limited purpose of the prosecution, defense, or settlement of the Civil Action, and for no other purpose.

3. Confidential Materials shall be so designated by stamping copies of the materials produced with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing Party.

4. Information disclosed at (a) the deposition of a Party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of the Civil Action, or (b) the deposition of a third party (which information pertains to a Party), including exhibits, may be designated by any party as "Confidential" by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Protective Order. Any Party may also designate information disclosed at such deposition as "Confidential" by notifying all

Parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential." All deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the transcript.

5. Confidential Materials may be disclosed or made available only to:

(a) the Court and its staff;

(b) any certified court reporter who takes testimony or records proceedings;

(c) any interpreter or translator certified as such under oath by the State of California;

(d) the Parties, including employees and agents thereof;

(e) counsel for the Parties, including their associates, paralegals and clerical personnel;

(f) any person who is indicated by Confidential Materials as being an author, source or recipient of the Confidential Materials; and

(g) "qualified Persons," as defined in the succeeding paragraph of this Protective Order.

6. Prior to receiving any Confidential Materials, each "Qualified Person" shall execute an agreement to be bound by the terms of this Protective Order in the form attached hereto as Exhibit "A," a copy of which executed agreement shall be provided forthwith to counsel for each of the Parties. A "Qualified Person" is:

(a) a person retained or consulted by the Parties or their attorneys for the purpose of the prosecution, defense, or settlement of the California Civil Action;

(b) a witness at any deposition or other proceeding in the California Civil Action; or

(c) a person to whom the Parties agree in writing.

7. This Protective Order shall be binding upon the Parties, including all employees and agents of the Parties; counsel for the Parties, including their associates,

paralegals and clerical personnel; and those "Qualified Persons" who, pursuant to the preceding Paragraph, have executed an agreement to be bound by the terms of this Protective Order. No person or entity upon whom this Protective Order is binding shall use Confidential Materials for any purpose other than the prosecution, defense, or settlement of the California Civil Action.

8. In the event any Party desires to file a document with the Court, which document quotes, describes in detail, or attaches Confidential Materials, the Party shall first attempt to resolve such dispute with the producing Party in good fath on an informal basis ("meet and confer"), such as by limited waiver of this Protective Order or the filing of a redacted copy of the document containing, referencing or attaching Confidential Materials, for example.

9. If any Party objects to the designation of any materials as "Confidential," that Party shall state the objection in writing to counsel for the producing Party. After stating the objection in writing to the producing Party, the Party receiving the Confidential Materials shall have the right to apply to the court for a determination as to whether the Confidential Materials in dispute shall continue to be treated as "Confidential." The burden to demonstrate that Confidential Materials shall continue to be treated as "Confidential" is on the producing Party. But unless and until the court rules on the application to remove the "Confidential" designation from the Confidential Materials in dispute, Confidential Materials shall continue to be treated and designated as "Confidential."

10. Upon final resolution, including appeals, of the Civil Action, all Parties and persons to whom Confidential Materials have been disclosed or provided shall either destroy all such Confidential Materials or, at the election of the producing Party, return them to the producing Party; provided, however, that this obligation shall not extend to any Confidential Materials included in conformed copies of materials filed with the Court or contained in work product.

11. If a Party, through inadvertence or otherwise, produces or provides

discovery of any Confidential Materials without designating such materials as "Confidential" in accordance with this Protective Order, before or after entry of this Protective Order, the producing Party may give written notice to the Party or Parties that have received the Confidential Materials that the document(s) are Confidential Materials and should be treated as confidential in accordance with the provisions of this Protective Order. The Party or Parties that received the materials must treat the materials as Confidential Materials from the date such notice is received.

12. Documents to be inspected shall be treated as "Confidential" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped with the legend "CONFIDENTIAL" by the producing Party.

IT IS ORDERED:

DATED: April 19, 2010   _____
MARGARET A. NAGLE
United States District Court Judge

# EXHIBIT A
# NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am familiar with the terms of the stipulation and Protective Order Regarding the Confidentiality of Materials Exchanged During Civil Discovery (the "Protective Order"), entered in the action entitled Ming Lin v. Sing Tao Newspapers Los Angeles Ltd, Case No. CV09-3904 FMC (MANx), pending in the United States District Court, Central District of California. I hereby agree to observe and be bound by all terms of the Protective Order. I understand that the unauthorized use or disclosure of Confidential Materials as defined in the Protective Order may constitute contempt of court, and I hereby consent to the jurisdiction of the Court for the purposes of enforcing the Protective Order.

DATED: _____            _____
                                    Print Name:
                                    Title:
                                    Business Entity: